Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50353 | **DATE** | 12/27/2001 |
| **CASE TITLE** | U.S.A. vs. DESMOND CAVENDER | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated on the reverse Memorandum Opinion and Order, defendant's § 2255 motion is denied. This cause is hereby dismissed in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 28 2001 | |
| ✓ | Docketing to mail notices. | | date docketed | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 12-28-01 | |
| /SEC | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Desmond Cavender, a federal prisoner convicted upon his guilty plea of conspiracy to possess with intent to distribute cocaine base, 21 U.S.C. § 846 and sentenced to 312 months of imprisonment on September 11, 1998, has filed this motion on October 9, 2001 under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. He raises claims of defective indictment under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), an involuntary and unintelligent guilty plea caused by ineffective trial counsel, the court's lack of jurisdiction to sentence him because the United States did not file an information pursuant to 21 U.S.C. § 851(a) prior to his guilty plea, ineffectiveness of trial counsel for the failure to require the government to prove and allow this court to make factual findings as to the quantity and type of controlled substances involved, and ineffectiveness of appellate counsel for failing to raise more meritorious issues on his direct appeal in <u>United States v. Cavender</u>, 228 F.3d 792 (7th Cir. 2000), <u>cert. denied sub nom. Buchanan v. United States</u>, 121 S. Ct. 1965 (2001), in which his sentence was affirmed. The government has filed a response brief addressing the merits of these claims and has raised the issue of Cavender's waiver of his right to challenge his sentence in a collateral attack under 28 U.S.C. § 2255 in his written plea agreement.

A waiver of the right to file a motion under section 2255 is enforceable only if it is knowing and voluntary and if the defendant cannot establish a claim of ineffective assistance of counsel in connection with negotiating the agreement. <u>Jones v. United States</u>, 167 F.3d 1142, 1145 (7th Cir. 1999); <u>see also</u> <u>Mason v. United States</u>, 211 F.3d 1065, 1069 (7th Cir. 2000) <u>cert. denied</u> 531 U.S. 1175 (2001). Here, Cavender has not challenged the voluntariness of the negotiations of the waiver in the plea agreement or that he received ineffective assistance of counsel with respect to the negotiation of the waiver. See <u>Mason</u>, 211 F.3d at 1069. He does claim his guilty plea was involuntary and his counsel ineffective because counsel allowed him "to enter a plea agreement where the government breached the plea agreement." While Cavender has a right to challenge the voluntariness of his plea which is not waived by his plea agreement, see <u>United States v. Jeffries</u>, 265 F.3d 556, 577 (7th Cir. 2001), the record at his various court appearances, particularly at his guilty plea proceeding and sentencing proceeding, show his involuntariness claim is frivolous as set forth in the government's response brief. His ineffective assistance of counsel claim is not clearly articulated but appears to be based on the same involuntariness claims belied by the record. All other claims raised are waived by his plea agreement. See <u>Cavender</u> 228 F.3d at 803. Even were the court to review these contentions, they are without merit as adequately pointed out by the government.

The section 2255 motion is denied.